[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 9, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-12991
Non-Argument Calendar

_____

BIA No. A96-271-295

MONICA JOHANA ZARATE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 9, 2009)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Monica Johana Zarate, through counsel, seeks review of the Board of Immigration Appeals's ("BIA's") decision summarily affirming the Immigration Judge's ("IJ's") final order of removal and denying her application for asylum and withholding of removal. In her petition, Zarate argues that the IJ erred in finding that she had failed to establish that she was persecuted based on her political opinion.

## I.

As an initial matter, the government argues that Zarate waived any challenge to the BIA's adverse credibility finding by failing to raise the issue in her opening brief. If an appellant fails to raise an issue in her initial brief, that issue is considered to be abandoned. *Sepulveda v. United States Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). A party also waives an issue by failing to make any substantive arguments with respect to that issue. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n. 6 (11th Cir. 1989).

Zarate does not directly address the IJ's adverse credibility finding in her opening brief, nor does she present any legal or factual arguments as to why that finding was incorrect. Therefore, we conclude that Zarate has waived any challenge to the IJ's adverse credibility finding.

## II.

In a case where the BIA summarily affirms the IJ without issuing an opinion, we review the IJ's opinion. *Mendoza v. United States Att'y Gen.*, 327 F.3d 1283, 1284 n. 1 (11th Cir. 2003). We review factual determinations under the substantial evidence test. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-1027 (11th Cir. 2004)(*en banc*). We "view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1027. We will only overturn an IJ's factual determinations if the record compels a conclusion to the contrary. *Farquharson v. United States Att'y Gen.*, 246 F.3d 1317, 1320 (11th Cir. 2001).

An alien applying for asylum must show that she is a refugee. 8 C.F.R. § 208.13(a). An alien qualifies as a refugee if she can establish that she has a well-founded fear of future persecution, based on a protected ground, in her country of origin. 8 C.F.R. § 208.13(b)(1) and (2). If the alien is able to prove past persecution, that creates a rebuttable presumption that the alien also has a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1). Similarly, an alien is entitled to withholding of removal if she can show that her life or freedom would be threatened based on a protected ground. 8 C.F.R. 208.16(b). If the alien can prove a past threat to life or freedom, there is a rebuttable presumption that the alien's life or freedom would be threatened in the future. 8 C.F.R. § 208.16(b)(1)(i). An alien who is unable to meet the burden of proof for asylum

3

is also unable to meet the higher standard for withholding of removal. *Djonda v. United States Att'y Gen.*, 514 F.3d 1168, 1177 (11th Cir. 2008).

"Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (internal quotation marks and citation omitted). An adverse credibility determination alone may be the basis for denying an asylum application if the applicant produces no evidence other than her testimony. *Id.* However, if the record contains other evidence, the IJ must address that evidence as well. *Id.*

In this case, as noted above, Zarate waived any challenge to the IJ's finding that her testimony at the asylum hearing was not credible. Thus, her testimony cannot establish that she suffered from past persecution or feared future persecution. The other evidence in the record also does not show that Zarate was persecuted or has a well-founded fear of persecution based on her political opinion. The letters and affidavits submitted by Zarate do not demonstrate that she was targeted by the Revolutionary Armed Forces of Colombia because of her political opinions. They also do not describe any incidents of persecution, other than vague statements that Zarate was threatened by rebel groups. Because the IJ's findings are supported by substantial evidence, we deny the petition for review.

**PETITION DENIED.**

4